IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDWIN C. HOERNER,

   Plaintiff,

v.

JASON ACKERMAN,

   Defendant.

Civil Action No.: JRR-22-187

## MEMORANDUM OPINION

Plaintiff Edwin C. Hoerner filed an amended complaint (ECF No. 4) pursuant to this Court's February 4, 2022 Order dismissing the complaint in part and directing Plaintiff to clarify his claims against police officer Jason Ackerman, now the sole Defendant (ECF No. 3).

Plaintiff alleges that Ackerman "participated in a joint investigation of two robberies" occurring in early December of 2016. ECF No. 4 at 1. One of the robberies occurred in Washington County, Maryland and the other in Carroll County, Maryland. *Id*. On November 9, 2017, Plaintiff entered a guilty plea in the Carroll County case and was sentenced to 25 years on charges of armed robbery and use of a firearm. *See State of Md. v. Hoerner*, Crim. Case 06-K-17-047885 (Carroll Co. Cir. Ct. 2017).[1] On April 3, 2018, Plaintiff entered a guilty plea in the Washington County case and was sentenced to 20 years for armed robbery, all but 335 days suspended. *See State of Md. v. Hoerner*, Crim. Case 21-K-17-053369 (Washington Co. Cir. Ct. 2017). Plaintiff states he currently has post-conviction proceedings pending in the Circuit Courts for Washington and Carroll Counties. ECF No. 4 at 1.

---

[1] *See* http://casesearch.courts.state.md.us/casesearch/ for records on both cases.

Plaintiff alleges that Ackerman "obtained information from a car rental agency in Pennsylvania regarding cars [Plaintiff] rented" and also obtained a copy of Plaintiff's driver's license from the Pennsylvania Department of Transportation. ECF No. 4 at 1. On December 13, 2016, Ackerman told Pennsylvania State Trooper Masci that Plaintiff's image appeared on video surveillance footage from surveillance cameras located in the Bulldog Federal Credit Union in Washington County, Maryland. *Id*. Ackerman then "participated in the execution of the search and seizure warrant issued by the District Court for Cumberland County, Pennsylvania" and "participated in arresting" Plaintiff on December 14, 2016. *Id*. at 2.

Plaintiff claims that Ackerman then "gave perjured testimony in the District Court for Washington County, Maryland" on January 19, 2017, stating that "he compared the image captured by the bank surveillance cameras with the image in [Plaintiff's] drivers license and determined that [Plaintiff] committed the robbery of the Bulldog Federal Credit Union." ECF No. 4 at 2. Based on that testimony, the criminal case against Plaintiff was transferred to the Circuit Court for Washington County. *Id*. According to Plaintiff, when his defense counsel reviewed the video surveillance footage, counsel determined that it did not contain an image of Plaintiff. *Id*.

On October 18, 2017, during a pre-trial suppression hearing in the Circuit Court for Carroll County, Maryland, Plaintiff claims that Ackerman "attempted to redact his perjury and supplant it with ambiguous testimony." ECF No. 4 at 2. Plaintiff does not describe how Ackerman allegedly changed his testimony but concludes that Ackerman "fabricated the requisite probable cause as a means to obtain the warrants." *Id*.

Plaintiff states that Ackerman's actions amounted to a violation of his Fourth and Fourteenth Amendment rights against unlawful search and seizure and unlawful arrest. ECF No. 4 at 3. He further contends that when Ackerman "deliberately provid[ed] perjured testimony in

three post-arrest court proceedings," Plaintiff was deprived of his liberty without due process of law in violation of the Fifth and Fourteenth Amendments. *Id*. As relief, Plaintiff seeks a declaratory judgment stating that Ackerman fabricated probable cause in violation of Plaintiff's constitutional rights, and he seeks compensatory and punitive damages. *Id*. at 4.

On March 21, 2022, Ackerman filed a Motion to Dismiss. ECF No. 10. Ackerman alleges that Plaintiff's complaint is time-barred and barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff requested an extension of time to respond to Ackerman's motion, noting that he had not yet received a copy of Ackerman's Motion to Dismiss. ECF No. 12. Plaintiff was granted an extension, and this Court instructed counsel for Ackerman to provide Plaintiff with a copy of the Motion to Dismiss. ECF No. 13. Counsel for Ackerman communicated issues with providing the documents to Plaintiff, but ultimately confirmed that the Motion was delivered to Plaintiff on May 19, 2022. ECF No. 15. Since that time, Plaintiff has filed three documents[2] with the Court, but has not responded to Defendant's Motion to Dismiss. *See* ECF Nos. 16, 17, 18. The Court finds that a hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2021). Ackerman's Motion to Dismiss will be granted.

Under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) claims raised under 42 U.S.C. § 1983 that impugn the legality of a criminal conviction are not cognizable unless or until the convictions are reversed. The Fourth Circuit has noted two requirements for *Heck* to bar a § 1983 claim:

> First, "a judgment in favor of the plaintiff [must] necessarily imply the invalidity of [a plaintiff's] conviction or sentence." *Heck*, 512 U.S. at 487, 114 S.Ct. 2364. Second, the claim must be brought by a claimant who is either (i) currently in custody or (ii) no longer in custody because the sentence has been served, but nevertheless could have practicably sought habeas relief while in custody. *See Wilson v. Johnson*, 535 F.3d 262, 267–68 (4th Cir.2008); *Bishop v. Cnty. of Macon*, 484 Fed.Appx. 753, 755 (4th Cir.2012) (per curiam).

---

[2] Plaintiff has filed correspondence to the Clerk requesting a copy of the Court's docket (ECF No. 16), a "Formal Complaint" (ECF No. 17), and a "Motion for Relief from an Order and Omissions" (ECF No. 18).

*Covey v. Assessor of Ohio Cty.,* 777 F.3d 186, 197 (4th Cir. 2015) (bracketed text in original).

Here, Plaintiff, who is currently in custody, alleges that he was improperly identified as the person who robbed two banks, ultimately resulting in his criminal convictions. Plaintiff additionally asserts that he was unlawfully deprived of his liberty as a result of the improper methods utilized to obtain a warrant for his arrest. If Plaintiff were to successfully prove the facts underlying these claims, those facts would be inconsistent with guilt and would impugn the validity of his convictions. Thus, his claims are barred by *Heck*. *See Heck*, 512 U.S. at 487 n. 7 (damages are recoverable for an "actual, compensable injury," that "does *not* encompass the 'injury' of being convicted and imprisoned" until the conviction is overturned). Accordingly, the Complaint shall be dismissed without prejudice.

Currently, Plaintiff is challenging his convictions through collateral review and has post-conviction petitions pending in both the Washington and Carroll County cases. However, even if Plaintiff is successful in those proceedings, his claims before this Court are time-barred.[3] "Section 1983 provides a federal cause of action, but in several respects relevant here, federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: it is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In Maryland, the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Code Ann., Cts & Jud. Proc. Code § 5-101. Reading the Complaint in the light most favorable to Plaintiff, the events described in Plaintiff's Complaint occurred in October 2017 at the latest. Thus, Plaintiff's

---

[3] Ackerman raises this argument in his Motion to Dismiss. ECF No. 10-1 at 2. Generally speaking, "a defense based on the statute of limitations must be raised by the defendant through an affirmative defense" in the answer to Plaintiff's Complaint. *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). However, "where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Id.*

claims were time-barred when this action was filed in 2022 and will continue to be time-barred if Plaintiff prevails in his pending post-conviction proceedings.

      Finally, this Court must address Plaintiff's pending "Motion for Relief from an Order and Omissions." ECF No. 18. In this Motion, Plaintiff seeks to reinstate defendants in this action that were previously dismissed. *See* ECF No. 3, 7. Those Defendants were properly dismissed, and this Court will not reconsider those Orders. Further, as Ackerman's Motion to Dismiss will be granted for the reasons described above, Plaintiff's "Motion for Relief from an Order and Omissions" (ECF No. 18) will be denied.

      A separate Order follows.

   July 25, 2022
   /s/
Date

                                                Julie R. Rubin
                                                United States District Judge